**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **DAVID HOWARD DIXON, #491037,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **NO. 3:23-cv-00781** |
| | ) | |
| **TROUSDALE TURNER** | ) | **JUDGE CAMPBELL** |
| **CORRECTIONAL CENTER, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

David Dixon, a state inmate in custody at the Trousdale Turner Correctional Center (TTCC) in Hartsville, Tennessee, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1, "the Complaint") and an application for leave to proceed in forma pauperis (IFP). (Doc. No. 2.)

The case is before the Court for ruling on Plaintiff's IFP application and for an initial review under the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. APPLICATION TO PROCEED IFP

A prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Because it appears from Plaintiff's submission that he lacks sufficient financial resources to pay the full filing fee in advance, his application to proceed IFP in this matter (Doc. No. 2) is **GRANTED** and a $350 filing fee[1] is **ASSESSED**.

---

[1] While prisoners who are not granted pauper status must pay a total fee of $402—a civil filing fee of $350 plus a civil administrative fee of $52—prisoners who are granted pauper status are only liable for the $350 civil filing fee. *See* 28 U.S.C. § 1914(a)–(b) and attached District Court Miscellaneous Fee Schedule, provision 14 (eff. Dec. 1, 2020).

The warden of the facility in which Plaintiff is currently housed, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility in which Plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## II. INITIAL REVIEW

### A. Legal Standard

The Court must dismiss the Complaint (or any portion thereof) if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b). The review for whether the Complaint states a claim asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468,

470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although pro se pleadings must be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), they must still "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, upon "view[ing] the complaint in the light most favorable to the plaintiff[.]" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009).

Plaintiff filed this action under 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the federal Constitution or laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012).

**B. Analysis of the Complaint**

The Complaint names the following Defendants: TTCC, two TTCC officials who are identified by name (Mrs. Tiffany Robertson and Sgt. Gayther), and two officials who are unnamed. (Doc. No. 1 at 2–3.) All four individual Defendants are alleged to have assaulted Plaintiff while he was handcuffed on October 6, 2022. (*Id.* at 4–5.) Plaintiff specifies that Robertson "slammed [him] up against the wall and also the floor, then stomped [him] with her foot several times while [he] was handcuffed behind [his] back," and that Gayther "slammed[him] on the floor then boot stomped [him] many times while handcuffed behind [his] back." (*Id.* at 4.) Plaintiff alleges that the two unnamed officers also "bod[i]ly assaulted" him while he was handcuffed. (*Id.*) He further alleges that the handcuffs were so tight that they cut deep into his skin. (*Id.* at 5.) It appears that this incident was precipitated by Plaintiff's attempt to have himself removed from the general population and placed in segregation, which he desired because he faced death threats after a prison gang issued a "kill on sight" order against him. (*Id.* at 5, 7.) He asks the Court to order his transfer

3

to another prison because of this gang order and because he fears retaliation by TTCC staff. (*Id.* at 5.) He also seeks an award of "maximum commissary allowed each week for the rest of [his] prison sentence," as compensation for his pain and suffering. (*Id.*)

The Eighth Amendment's Cruel and Unusual Punishments Clause prohibits the use of excessive force against convicted inmates. The "core judicial inquiry" in considering such a claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). In addition to this subjective inquiry, there is also an objective component to Eighth Amendment excessive-force claims, which requires the pain inflicted to be sufficiently serious. *Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir. 2014) (quoting *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)). However, the Court may not apply a "de minimis injury" test to such claims, as "the judicial inquiry should focus on 'the nature of the force rather than the extent of the injury.'" *Williams*, 631 F.3d at 384 (quoting *Wilkins*, 559 U.S. at 34).

Presuming the truth of Plaintiff's allegations that Defendants restrained him in handcuffs tight enough to cut into his skin, and then slammed him into the wall and onto the floor where they proceeded to stomp on him, leaving him with injuries to his back and wrists, the Court finds that the serious nature of the force, the maliciousness of its application, and the seriousness of the resulting injury are colorably established for purposes of initial review. *See Brown v. Med. Staff at Core Civic*, No. 3:21-CV-00527, 2021 WL 4894603, at *3 (M.D. Tenn. Oct. 20, 2021) (finding that, although use of force to subdue inmate may have been justified, alleged punching and kicking after inmate was handcuffed "provide[s] a plausible basis to infer that [defendant's] subjective motivation was to cause harm rather than maintain discipline"). Further factual development may reveal otherwise and may even vindicate the level of force used by these Defendants. But at this

early stage, Plaintiff's allegations are sufficient to allow his claim for excessive force to proceed against Robertson, Gayther, and the two unnamed officers (whose identities must soon be ascertained), whether those Defendants used force against Plaintiff themselves or failed to protect him from another officer's use of force. *See Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997) ("Our cases teach that, in order to hold Officer Scott liable for the use of excessive force, Mrs. Turner must prove that he (1) actively participated in the use of excessive force, (2) supervised the officer who used excessive force, or (3) owed the victim a duty of protection against the use of excessive force.") (citing cases).

However, TTCC will be dismissed from this action, as it "is a building, not a 'person' who can be sued under 42 U.S.C. § 1983."[2] *Page v. R.C.A.D.C.*, No. 3:22-CV-00650, 2022 WL 4486400, at *2 (M.D. Tenn. Sept. 26, 2022). Even if the Court were to liberally construe the claim against TTCC as seeking relief against its corporate operator,[3] the Complaint's allegations do not support the inference that any policy in place at TTCC was behind the use of force against Plaintiff, as would be required to plausibly claim a right to relief against that corporate entity. *See Savoie v. Martin*, 673 F.3d 488, 494 (6th Cir. 2012).

Finally, the Court recognizes that Plaintiff's principal request for relief—transfer to another state prison and compensation in the form of "maximum commissary weekly"—invites interference into matters of prison administration that are "generally not within the province" of

---

[2]    "Section 1983 creates liability for 'persons' who deprive others of federal rights under color of law. Only a 'person' faces liability under the statute." *Hohenberg v. Shelby Cnty., Tennessee*, 68 F.4th 336, 342 (6th Cir. 2023) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989)). While municipal and corporate entities involved in the operation of jails and prisons qualify as "persons," *see generally Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978), prison buildings do not.

[3]    "Trousdale Turner Correctional Center (TTCC) is a medium security facility managed by CoreCivic, a private corrections management firm." https://www.tn.gov/correction/state-prisons/state-prison-list/trousdale-turner-correctional-center.html (last visited Sept. 14, 2023).

federal courts except "in rare and extreme cases." *Moore v. Schuetzle*, No. 1:06-CV-079, 2007 WL 201115, at *3 (D.N.D. Jan. 23, 2007) (citing cases). Nonetheless, Plaintiff's request to be compensated for pain and suffering is a proper request for relief even if the particular form of compensation sought is not.

### III. CONCLUSION

As explained above, the Court finds that the Complaint states a nonfrivolous excessive force claim against the four individual Defendants.[4] Accordingly, the Clerk is **INSTRUCTED** to send Plaintiff a service packet (blank summons and USM 285 form) for each of these four Defendants, as well as the Court's Information Sheet for pro se prisoners titled "Service of Process in Civil Rights Cases." Plaintiff **MUST** complete the service packets and return them to the Clerk's Office within **30 DAYS** of the date of this Order. To return a completed service packet in person or by mail, the Court's address is: U.S. District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203. Upon return of a completed service packet, **PROCESS SHALL ISSUE** to that Defendant.

As to the two unnamed Defendants, process cannot be served upon unidentified individuals. Therefore, Plaintiff **MUST** exercise due diligence and conduct a reasonable investigation to promptly determine the full names of these Defendants so that process can be timely served under Federal Rule of Civil Procedure 4(m). Plaintiff **MUST** then file a motion to amend the Complaint to name the Defendants.

Upon referral, the Magistrate Judge may take any necessary action related to service of process upon the unnamed Defendants, including providing for Plaintiff to serve early, limited

---

[4]    The Court's determination that the Complaint states a nonfrivolous claim for purposes of this initial screening does not preclude the Court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude a Defendant from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12.

discovery to ascertain their identity or ordering the TTCC warden to provide identifying information.

This action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE