IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| DAVID HOWARD DIXON | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | NO. 3:23-cv-00781 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| TIFFANY ROBERTSON, et al., | ) | MAGISTRATE JUDGE FRENSLEY |
| | ) | |
| Defendants. | ) | |

## ORDER

Pending before the Court is a Report and Recommendation from the Magistrate Judge (Doc. No. 20), recommending this case be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) and that Defendant's motion for summary judgment (Doc. No. 22) be denied as moot. Plaintiff filed objections (Doc. No. 34) to which Defendant responded (Doc. No. 35).

For the reasons stated herein the Report and Recommendation is adopted and approved and this case dismissed without prejudice.

### I. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1) and Local Rule 72.03(b)(3), a district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Id.* (quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). In conducting the review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## II.     ANALYSIS

This action was brought by the pro se Plaintiff who was a prisoner at the Trousdale Turner Correctional Center ("TTCC") in Hartsville, Tennessee under 42 U. S. C. §1983. (Doc. No. 1). Plaintiff asserts that he was subjected to excessive force by the Defendants as an inmate at TTCC. *Id*. He asserts that he was slammed against a wall and the floor and boot stomped while being handcuffed behind his back. (Doc. No. 1 at 3).

Pursuant to the scheduling order, discovery was to be completed by April 1, 2025, and dispositive motions filed by June 6, 2025. (*See* Doc. No. 16). The scheduling order stated that responses to motions for summary judgment "shall be filed **within twenty-one (21) days** of the filing of the motion." (*Id*.). The scheduling order also advised that in responding to a motion for summary judgment "plaintiff may not just rely on the complaint … Plaintiff must show there is a material dispute of fact with citation to the record, affidavits or other matter of evidence" and advised Plaintiff to "read and comply with Federal Rule of Civil Procedure 56 and Local Rule 56.01." (*Id*.).

Defendant Tiffany Robertson filed a motion for summary judgment on May 16, 2025. (Doc. No. 22). Defendant argued Plaintiff's case must be dismissed because he failed to exhaust administrative remedies, there is no evidence that Robertson assaulted Dixon or that any force was excessive, and Robertson is not liable under a supervisory theory because she did not encourage, witness, or participate in the assault. (*Id*.).

Pursuant to the scheduling order, Plaintiff's response to the motion was due by June 6, 2024. Plaintiff did not file a response by this deadline. On June 16, 2025, the Magistrate Judge entered an Order, noting that Dixon did not respond to Robertson's Motion for Summary Judgment and directing Dixon to show cause by July 2, 2025, regarding why his claims should not be

dismissed for his failure to prosecute or for the reasons stated in Robertson's Motion. (Doc. No. 29). Plaintiff was warned that failure to respond to the Show Cause Order "may lead to a recommendation that his claims be dismissed." (*Id*.).

Plaintiff responded to the Show Cause Order on July 8, 2025. (Doc. No. 30). He wrote: "Please help me in this matter because I don't understand what I'm suppose [sic] to do! But I do want my prison camera footage to be shown as evidence for by claim on October 6, 2022!! Please help me in this matter Court Judges!!" (*Id*.). The Magistrate Judge construed Plaintiff's response as a motion for extension of time to respond to the motion for summary judgment and granted Plaintiff additional time until August 22, 2025, to respond to the motion for summary judgment. (*See* Order, Doc. No. 31).

Plaintiff did not respond to the motion for summary judgment. On October 9, 2025, the Magistrate Judge issued a Report and Recommendation (Doc. No. 32) recommending that the case be dismissed without prejudice under Federal Rule of Civil Procedure 41(b).[1] Rule 41(b) "confers on district courts the authority to dismiss an action for failure of a Plaintiff to prosecute the claim or comply with the Rules or any order of the Court." *Schafer v. City of Defiance Police Department*, 529 F. 3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F. 3d 359, 362-3 (6th Cir. 1999)).

---

[1] Although the Magistrate Judge elected not to review Defendant's motion for summary judgment, if the Court were to undertake such a review, it would likely result in dismissal with prejudice for failure to exhaust administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Defendant submitted evidence that CoreCivic has an administrative grievance system and that Plaintiff did not file a grievance about the claimed incident. (*See* Statement of Facts, Doc. No. 24; Decl. of Cynthia Christian, Doc. No. 25). Because Plaintiff did not respond, these facts are uncontroverted. *Din Malik v. Lanstar Express Am.*, 2021 WL 6063647, at *3 (E.D. Mich. Dec. 22, 2021) ("[t]he court may rely on the moving party's unrebutted recitation of the evidence in reaching a conclusion that facts are uncontroverted and that there is no genuine issue of material fact"). Plaintiff's claims would be subject to dismissal with prejudice for failure to exhaust administrative remedies. *Jones v. Bock*, 549 U.S. 199 (2007); *Woodford v. Ngo*, 548 U.S. 81, 84-85 (2006); 42 U.S.C. § 1997e(a).

3

Plaintiff filed objections to the Report and Recommendation. (Doc. No. 34). He argues that the Magistrate Judge incorrectly determined that he failed to respond to Court orders. Plaintiff claims he has responded with the best of his knowledge and blames the prison for failing to post his mail to the Court. (*Id.*). He also argues that dismissal is not appropriate because he requested counsel and because he asked the Court to review prison camera footage of the alleged assault. (*Id.*).

The Court finds these objections without merit. Notably, although Plaintiff claims that he responded to Court orders to the best of his knowledge, he does not specify which filings were not mailed and does not claim to have responded to the motion for summary judgment. Accordingly, his objection that he has responded to the best of his knowledge is insufficient to warrant rejection of the Magistrate Judge recommendation that the case be dismissed without prejudice. Likewise, the failure to appoint counsel does not justify a failure to respond to the motion, particularly where the Court has specifically directed Plaintiff to respond, provided instruction regarding what that response must include, and identified the applicable rules. (*See* Doc. Nos. 16, 29).

The Court agrees with the Magistrate Judge's consideration of the relevant factors, namely: (1) that Plaintiff is at fault for failure to respond to the motion for summary judgment despite being given extensions of time to do so; (2) that Defendant was prejudiced by Plaintiff's failure to respond; (3) that Plaintiff received notice that failure to respond to the motion could lead to dismissal for failure to prosecute; and (4) that dismissal without prejudice is an appropriate sanction.

## III. CONCLUSION

For the reasons stated above, the Report and Recommendation (Doc. No. 20) is **ADOPTED** and **APPROVED**. Accordingly, this case is **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 41(b), and Defendant's Motion for Summary Judgment (Doc. No. 22) is **DENIED AS MOOT**. The Clerk is directed to close the file.

It is so **ORDERED**.

WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE